LONG, C. J., and HENDERSON, J., concur. REEVES, J., did not sit in this case.

---

### TAPIA *v.* MARTINEZ *et al.*

*(Supreme Court of New Mexico. January, 1888.)*

1. **PROHIBITION, WRIT OF—TO RESTRAIN REPLEVIN BEFORE JUSTICE OF THE PEACE—WHEN LIES.**
   The fact that a writ of replevin issued by a justice of the peace is returnable on Sunday, or that the proceedings in such action involve the title to real estate, or that the plaintiffs therein and the officers making the levy were trespassers, are not grounds for the issue of a writ of prohibition to restrain such proceedings.[1]

2. **SAME—APPLICATION.**
   On motion for a writ of prohibition against a justice of the peace to restrain proceedings in a replevin suit before him, on the ground that the amount in controversy exceeds the justice's jurisdiction, such fact must be made to clearly appear.

Petition for a writ of prohibition.

REEVES, J. The petitioner, Tapia, moves the court to grant the writ of prohibition, commanding GABRIEL MARTINEZ, justice of the peace of precinct No. 4 of the county of Santa Fe, and Francisco Chavez, sheriff of said county, and Jose S. Gallegos, his deputy, and Jose Maria Rodriguez, to desist and re-

---

[1] An application for a writ of prohibition cannot be entertained until after a plea to the jurisdiction has been overruled below. State v. Henry, (La.) 6 South. Rep. 807; State v. Voorhies, (La.) 4 South. Rep. 485. In *California,* prohibition lies only to arrest the proceedings of a judicial tribunal when they are without or in excess of its jurisdiction, and there is no plain, speedy, and adequate remedy at law. Levy v. Wilson, 10 Pac. Rep. 272; Havemeyer v. Superior Court, 24 Pac. Rep. 121. See, also, Manufacturing Co. v. McGinnis, (W. Va.) 4 S. E. Rep. 782. But where a party in interest makes out a case for prohibition, the writ issues as a matter of right, and the court has no discretion to withhold it upon the ground that the petitioners are members of the sugar-trust monopoly, and as such, enemies of the public weal. Havemeyer v. Superior Court, (Cal.) 24 Pac. Rep. 121. Where a circuit judge, without jurisdiction, has issued *certiorari* to review the action of the county court in changing the location of a bridge that has been washed away, and made the writ returnable at a remote time, thus delaying a necessary public improvement, a writ of prohibition is the proper remedy. County Court v. Boreman, (W. Va.) 11 S. E. Rep. 747. A writ of prohibition to a court, which, in excess of its jurisdiction, has appointed a receiver, will not only stay further proceedings under the receivership, but will restore the property to its owners, even though the receiver has gained complete possession. Havemeyer v. Superior Court, (Cal.) 24 Pac. Rep. 121. But in general a writ of prohibition will not issue when the thing sought to be stopped is already done. Brooks v. Warren. (Utah,) 12 Pac. Rep. 659.

frain from proceeding in an action of replevin brought by Rodriguez against said Tapia, before said MARTINEZ, a justice of the peace, to recover from Tapia a small crop of wheat, straw, and Indian corn, and which Tapia claims was raised on his land, alleged in the petition to be of the value of $110. The jurisdiction of the justice of the peace, and of the sheriff and his deputy, is denied and contested by the petitioner, Tapia, on the following grounds: (1) Because the writ was made returnable on Sunday; (2) the matter in controversy exceeds $100 in value; (3) the title and boundaries of real estate come in question; (4) because, by reason of the fraudulent combination between the justice, the sheriff and his deputy, and Rodriguez, they were all trespassers *ab initio*. The defendants appear and demur, and answer the petitioner's motion or application for the writ.

Before further notice of the demurrers the case will be better understood from a brief reference to the answer of MARTINEZ, the justice of the peace. After denying the charges of fraud, combination, etc., he admits that he issued a writ of replevin, but he alleges that before he issued the writ an affidavit was duly filed in his office, as justice of the peace, alleging the value of the property set forth in the petition as being $90 and no more; also, at the same time, a bond was filed in his office, with two good and sufficient securities, in the sum of $195, and under which writ of replevin about 14 fanegas of wheat of 140 pounds each, or 35 bushels, in all of no greater value than $35, were taken. The petition of Tapia shows that the Indian corn was not ripe, but was standing upon the land ungathered, the number of acres not being shown. He further answers that he has no knowledge as to whether the wheat was raised upon the plaintiff's land or not, beyond the allegations in the petition, nor has he any knowledge of the judgment set forth in the petition, nor whether he was put in possession of the land as by him alleged; that he issued said writ of replevin in his official capacity as justice of the peace, and not otherwise.

This defendant filed a general demurrer to the petition, to the effect that the matters therein contained are not sufficient in law to bar him, as justice of the peace, from trying the suit between said parties. The defendants Chavez and Gallegos file a joint demurrer alleging the following special grounds: (1) Said declaration discloses the fact that said Francisco Chavez is sheriff, and Jose S. Gallegos was his deputy, executing a process directed to him for service, and that he was executing it as he was commanded to do, having no discretion in the premises; (2) because the plaintiff had ample remedy by appeal; (3) the declaration does not contain facts sufficient to entitle the plaintiff to the writ of prohibition. The same parties filed a further demurrer, assigning, as special grounds, that the plaintiff filed no plea to the jurisdiction of the court below, and that this court had no jurisdiction in the premises.

In the answer to the petitioner's first objection, viz., that the writ was returnable on Sunday, it is not clear that such was not the fact, and the authorities referred to by counsel for petitioner show that service of process on Sunday is generally void, there being some exceptions in favor of writs of attachment, etc. This objection, however, does not relate to the power of the court to grant the writ of prohibition. The second ground, viz., that the matter in controversy exceeds $100, is not, it is thought, alleged with sufficient certainty to defeat the jurisdiction of the court as to the amount in controversy being over $100. Conceding that a justice of the peace has no jurisdiction to try the title to real estate, it is not perceived that this ground entitles the petitioner to the writ of prohibition. If it could be shown that the defendants were trespassers, as charged in the petition, that fact alone would not entitle him to the writ as prayed for. The case, as it is presented by the defendants in their answer, seems to have been conducted as usual in the courts of justices of the peace. The plaintiff made affidavit, gave bond, and apparently complied with legal requirements before the justice issued the process; it was

properly directed to the officer, and from his answer, and, so far as the proceedings disclose his acts, he did nothing but execute the process as he was required to do. There was no trial in the justice's court; he had made no ruling on the question here complained of; no objection had been made to his proceedings, and no opportunity afforded him to decide on his jurisdiction to try the case; the presumption is that he would have done his duty if the objection had been made. The great weight of authority is that relief must first be sought in the court below. *Eckfert* v. *Des Coudres*, 12 Amer. Dec. 609, and the numerous cases cited in the note; also 8 Bac. Abr. 283.

In *Yearian* v. *Speirs*, 10 Pac. Rep. 609, and cited in the brief of counsel for the petitioner, the court held that where the justice acted without his jurisdiction, and the petitioner had no adequate remedy in the ordinary course of law, he had a right to the writ of prohibition. This appears to be the settled ruling of the supreme court of Utah. *Ducheneau* v. *House*, Id. 838; *Jones* v. *House*, Id. 843. These decisions were on a statute of Utah. The statute of this territory, while it provides that the supreme court, or a supreme judge in vacation, may issue the writ of prohibition, the grounds for the exercise of this jurisdiction are not specified, but if the cause shown appears to the court or judge to be sufficient, the writ shall issue. Comp. Laws N. M. § 2006. It is believed that the court, in the exercise of a sound discretion, may decline to grant this writ where it appears that the writ of *certiorari*, or an appeal, would be a suitable remedy. Comp. Laws N. M. § 2442. Doubtless cases may arise in which this would be the appropriate remedy, and, when it occurs, the writ ought not to be refused.

The act establishing the territory of New Mexico, and the organic act of the territory, provide that the judicial power of the territory shall be vested in a supreme court, district courts, probate courts, and in justices of the peace. Comp. Laws, p. 70, and pp. 49, 50, §§ 10, 1907. Justices of the peace have no jurisdiction of any matter in controversy when the title or boundaries of land may be in dispute, or where the debt or sum claimed exceeds $100. Id. p. 72, § 1926, and pp. 49, 50, § 10.

Section 10 of the above act provides that the jurisdiction of the several courts therein provided for, both appellate and original, and that of probate courts and justices of the peace, shall be as limited by law. It is further provided that the supreme and district courts respectively shall possess chancery as well as common-law jurisdiction. In the exercise of this jurisdiction the supreme and district courts have power to issue the writ of prohibition, but the grounds for its exercise are not defined, and recourse must be had to the practice of the courts of chancery and common law, in furnishing rules of decision. 8 Bac. Abr. 206, tit. "Prohibition." The statute of this territory confines the power to issue the writ to the supreme court, or one of the judges. It has been decided that the supreme court of the United States has power to issue a writ of prohibition to a district court when proceeding as a court of admiralty and maritime jurisdiction. Id. 209, and referring to act of September 24, 1789, § 13, (1 U. S. St. 80;) *The Marion*, 1 Story, 68; and *U. S.* v. *Peters*, 3 Dall. 121.

By section 2390, Comp. Laws N. M.: "Any person aggrieved by any judgment rendered by any justice may appeal by himself, his agent, or attorney, to the district court of the county where the same was rendered," provided he gives bond as directed, etc. Also section 2442.

The issue of the writ in this case in vacation was made returnable to the court with the view that the party seeking this remedy might have the opinion of the court thereon. After hearing the demurrers of the respondents, and arguments of counsel thereon, and reading, and after examination of the respondents' return to the writ, the exceptions of the sheriff and his deputy, and the first and second grounds of the demurrer of respondent Gallegos, are sustained, and the said court and officers are authorized to proceed with the

case, subject to any right the said Tapia may have to make defense thereto by plea, exception, or otherwise, having due regard to the legal rights of all parties to said proceeding.

The prohibition absolute is refused, at the costs of the petitioner.

We concur: LONG, C. J.; BRINKER and HENDERSON, JJ.